## SARAH E. HOLLISTER, Respondent, v. EDWARD L. HOPKINS, Impleaded, etc., Appellant.

### Bill of exchange — what is.

This action was brought upon the following instrument : "Rochester, July 17, 1875. Edward L. Hopkins. One month after date, pay to the order of Hollister & Co., seven hundred and eighty-two dollars and thirty-four cents, and charge the same to me, to apply on contract for your building on South avenue. (Signed) J. R. Flowerday." The plaintiff proved the acceptance and indorsement of the instrument and rested. Defendant offered to prove that there was nothing due to the drawer of the instrument upon his building contract, at the time it was drawn, and that there was no consideration for the acceptance between the drawer and acceptor, which evidence was, upon plaintiff's objection, excluded.

*Held,* that the instrument was a bill of exchange, and not a mere assignment of a fund, and that the evidence offered was properly rejected as immaterial and irrelevant.

Appeal from a judgment entered upon the direction of the court at the Monroe Circuit, held by Mr. Justice Dwight.

This action was brought against the defendant as the acceptor of a draft, drawn in these words :

"Rochester, *July* 17, 1875.

Edward L. Hopkins. One month after date pay to the order of Hollister & Co., seven hundred and eighty-two dollars and thirty-four cents, and charge the same to me, to apply on contract for your building on South avenue.

(Signed)        J. R. FLOWERDAY."

The plaintiff proved the acceptance by E. L. Hopkins and the indorsement of the instrument, and rested. The defendant moved for a nonsuit on the ground that the instrument proved was not a bill of exchange, but was merely an assignment of a fund, and the plaintiff could not recover without showing the existence of such fund. The motion was denied, and the defendant excepted. The defendant then called the drawer and offered to prove that when the instrument was drawn he had ceased to work on the building mentioned in the instrument, and that the drawee owed him nothing. Also, that there was no consideration for the contract between the drawer and acceptor. The evidence was excluded. Judgment was thereupon ordered for the plaintiff.

PEOPLE ex rel. N. B. & C. R. R. CO. v. L. & B. R. R. CO. **211**

Fourth Department, January Term, 1878

*A. J. Wilkin*, for the appellant.

*J. B. Perkins*, for the respondent.

Smith, J.:

The instrument in evidence was a bill of exchange, payable, at all events, and not on a contingency; payable, also, in money only, and not out of a particular fund. The direction to charge the same to the drawer, to apply on contract for building, did not make the draft payable out of moneys due or to become due on the contract. It was simply a direction to the drawee how to reimburse himself. (*Macleod* v. *Snee*, 2 Strange, 762; *Munger* v. *Shannon*, 61 N. Y., 251, per Dwight, C., p. 256.)

The evidence offered was immaterial and was properly rejected. There was no offer to prove the entire answer, or to show that there was no consideration between the drawer and the payee.

The judgment should be affirmed.

Mullin, P. J., and Talcott, J., concurred.

Judgment affirmed.